Harold T. Garrity, J.
Defendant was convicted, after a jury trial, of violating subdivision 5 of section 70 of the Vehicle and Traffic Law. The return before this court sets forth no less than 25 alleged errors committed by the trial court. We shall, for obvious reasons, consider only such of these specifications as appear to be of substance.
The defendant, it seems quite clear, while operating her car went through a stop sign striking the complainant’s vehicle. Her conduct and the circumstances attendant upon the accident were such as to result in her arrest. A blood test was taken and the result, as established by expert testimony, was that the sample contained .22% alcohol by weight. In addition to this scientific data, there was the testimony of the police physician who took the sample and several police officers as to the defendant’s intoxication based upon their observations, citing the usual indicia: alcoholic breath, unsteady gait, slurred speech, etc.
Several of defendant’s contentions were considered in People v. Kovacik (205 Misc. 275), which contains a most learned and complete discussion of the legal and scientific problems involved in determining intoxication through the use of a Harger Drunkometer. Although the test herein employed a different scientific device and technique, the basic problems are quite similar. We *410 concur in that opinion and its determination of the constitutional .issues.
Defendant contends there was deprivation of her constitutional rights in the manner in which the blood sample was taken and the test performed. We find to the contrary.
The remaining point for determination is that of prejudicial error in the comment made by the Trial Justice concerning defendant’s counsel. While it was somewhat gratuitous — although not entirely unprovoked — we do not deem it to constitute reversible error.
We do not regard the jury’s determination of guilt as improper.
Judgment of conviction affirmed. Submit order.